**IT IS ORDERED as set forth below:**



**Date: March 26, 2018**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-65425-WLH |
| KENRICK LINDSAY, | CHAPTER 7 |
| Debtor. | |
| KENRICK LINDSAY, | ADVERSARY PROCEEDING NO. 17-5265-WLH |
| Plaintiff, | |
| v. | |
| JOHN BEGGINS, CEO FOR SPECIALISED LOAN SERVICING; GAVIN TSANG, VICE PRESIDENT FOR BANK OF NEW YORK MELLON; BRIAN T. MOYNIHAN, CEO FOR BANK OF AMERICA HOME LOANS; THOMAS BROCK, CEO FOR BROCK & SCOTT, PLLC; KYLE KOTAKE, MANAGING PARTNER FOR BROCK & SCOTT; PATRICK TAGGART, ASSOCIATE FOR BROCK AND SCTOTT; LISA LAWSON, ASSOCIATE FOR MCCALLA RAYMER LEIBERT PIERCE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTME, INC. (MERS); JOHN DOE 1-100, (UNKNOWN), | |
| Defendants. | |

1

**ORDER DISMISSING CASE**

**THIS MATTER** is before the Court on the motions to dismiss filed by Bank of America N.A., as successor by merger with BAC Home Loans Servicing, L.P., F/K/A Countrywide Home Loans Servicing, LP, Brian Moynihan, and Mortgage Electronic Registration Systems, Inc. ("MERS") (Doc. No. 3), John Beggins and Gavin Tsang (Doc. No. 4), Lisa Lawson (Doc. No. 6), and Thomas Brock, Kyle Kotake, and Patrick Taggart (Doc. No. 12) (collectively the "Motions"). For the reasons stated below, the Court grants the Motions.

### I.    FACTS

#### a.  Property

In August 2006, Plaintiff executed a promissory note in the amount of $231,000. The note was secured by a deed to secure debt on real property located at 3137 Brighton Pass, Conyers, GA 30094 (the "Property"). The Property was scheduled for foreclosure on September 5, 2017. The foreclosure sale was held that day, and the Property was sold to The Bank of New York Mellon.

#### b.  **Bankruptcy Cases**

Plaintiff, *pro se*, filed a chapter 13 bankruptcy case, case number 14-71486, on October 31, 2014. The case was dismissed prior to confirmation on February 12, 2015 for Plaintiff's failure to fund his chapter 13 plan.

Plaintiff, again *pro se*, filed a second chapter 13 case, case number 15-57918, on April 30, 2015. The case was dismissed prior to confirmation on July 9, 2015 for Plaintiff's failure to fund his chapter 13 plan.

Plaintiff filed a third chapter 13 case *pro se*, case number 16-65386, on September 2, 2016. The case was dismissed prior to confirmation on October 26, 2016 for Plaintiff's failure to certify

attendance at credit counseling from an approved agency within 180 days prior to filing as required by 11 U.S.C. §§ 109(h) and 521(b).

On March 31, 2017, Plaintiff filed a fourth chapter 13 case *pro se*, case number 17-55904. The Chapter 13 Trustee filed objections to confirmation of Plaintiff's chapter 13 plan and a motion to dismiss the case with prejudice. The Court held a hearing on the Trustee's motion; Plaintiff failed to appear. The Court granted the motion and dismissed the case with prejudice on June 13, 2017. Pursuant to section 109(g), the Court ordered Plaintiff ineligible to be a debtor in a chapter 13 case for a period of 180 days.

On September 1, 2017, Plaintiff filed his fifth bankruptcy case, again *pro se*, this time under chapter 7 of the Bankruptcy Code: case number 17-65425. On November 21, 2017, Plaintiff filed a motion to extend the automatic stay. He filed an amended motion to extend the automatic stay on November 22, 2017. The Court held a hearing on the amended motion on December 19, 2017, during which it considered argument from Plaintiff, who appeared *pro se*. On December 20, 2017, the Court denied the motion. The Chapter 7 Trustee filed a report of no distribution, Plaintiff received a chapter 7 discharge, and the bankruptcy case was closed on March 1, 2018.

    c. **Adversary Proceeding**

Plaintiff filed the Complaint on October 26, 2017. While the Complaint lacks a clear recitation of claims, the crux of the Complaint seems to relate to an alleged wrongful foreclosure. Plaintiff alleges Defendants violated the automatic stay by conducting a foreclosure sale after he filed his chapter 7 bankruptcy case and seeks to set aside the foreclosure sale. He also challenges the right of the foreclosing creditor to foreclose, alleging fraudulent actions.

Bank of America, N.A., Brian Moynihan, and MERS filed a motion to dismiss (Doc. No. 3) on November 28, 2017. Plaintiff responded, and Defendants replied. Defendants John Beggins

and Gavin Tsang filed a motion to dismiss (Doc. No. 4) on November 28, 2017. Plaintiff responded, and Defendants replied. Defendant Lisa Lawson filed a motion to dismiss (Doc. No. 6) on December 5, 2017. Defendants Thomas Brock, Kyle Kotake, and Patrick Taggart filed a motion to dismiss (Doc. No. 12) on December 14, 2017. Plaintiff filed a response to the Motions (Doc. No. 16) on January 4, 2018.

Defendants move to dismiss the Complaint for insufficient service of process and for failing to state a claim upon which relief can be granted, for failing to comply with Federal Rules of Civil Procedure 8(a) and 9, and, as to Defendants Beggins and Tsang, for lack of personal jurisdiction.[1] Defendants contend the Complaint should be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) because they were not properly and timely served. Defendants also argue the Complaint should be dismissed for failing to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) because: the automatic stay did not go into effect when Plaintiff filed his chapter 7 case; Plaintiff cannot assert the foreclosure sale was wrongful because he did not provide a proper tender of the debt due; and, because his other claims fail, Plaintiff's claim for damages must also fail.

Having read and considered the Motions and responses, the Court finds dismissal is appropriate as to all Defendants and will grant the Motions.

## II.    ANALYSIS

Defendants contend the Complaint should be dismissed because it was not properly served and because it fails to state a claim for relief.

---

[1] Because the Court finds dismissal is appropriate because Plaintiff failed to properly and timely serve Defendants and because Plaintiff failed to state a claim for relief, the Court does not address Defendants' remaining arguments the Complaint should be dismissed because it does not comply with Federal Rules of Civil Procedure 8(a) and 9 and because the Court lacks personal jurisdiction over Defendants Beggins and Tsang.

    **a. Insufficient Service of Process**

Defendants state the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5) because it was not properly served. The Court agrees.

Federal Rule of Civil Procedure 12(b), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), governs motions to dismiss. Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss a complaint for insufficient service of process. In order for service to be effective and establish personal jurisdiction, the complaint must be served together with the summons. The Supreme Court has held "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Intern. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); *see also* Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). When service of process is challenged, the burden of establishing its validity falls upon the party obligated to make the service. *See* Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981) (citing Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980)).

In an adversary proceeding, a plaintiff must serve on a defendant the summons, along with a copy of the complaint, and file proof of service of the same, in accordance with the Federal Rules of Bankruptcy Procedure. Pursuant to Bankruptcy Rule 7004(e), service must be made within fourteen days after the issuance of the summons. When serving an individual, Bankruptcy Rule 7004(b)(1) provides service may be made by first class mail postage prepaid by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession. When serving a domestic

or foreign corporation, partnership or other unincorporated association, Bankruptcy Rule 7004(b)(3) requires a plaintiff to mail a copy of the summons and complaint to the attention of a corporate officer or agent. If service is not made in this manner, service is insufficient and the Court may not exercise personal jurisdiction over the defendant.

For example, in Archer v. Am.'s Servicing Co., Adv. No. 12-4055-MGD (Bankr. N.D. Ga. Oct. 1, 2012), the Clerk issued a summons on July 13, 2012. The plaintiff filed a certificate of service indicating service was made a month later, on August 13, 2012. The service was insufficient because the summons and complaint were not delivered within fourteen days after the summons was issued, and thus there was no personal jurisdiction over the defendants. Accordingly, the court granted a motion to dismiss on the basis of improper service. Id.; *see also* Tompkins & Assocs. v. Mack, Adv. No. 03-9208-JEM (Bankr. N.D. Ga. Mar. 12, 2004) (finding service was defective where the summons and complaint were served fifteen days after the issuance of the summons (outside the then ten day period)).

Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a pro se litigant must still follow procedural rules. *See* Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (affirming district court order dismissing complaint where pro se plaintiff failed to properly effect service on the defendant).

Plaintiff filed the Complaint on October 26, 2017 and obtained a summons the same day. On page ten of the Complaint, Plaintiff included a "Mailing Certification" stating: "I certify that I will forward copies of this adversary pleading to the trustee and defendants as listed on or before October 30, 2017 by regular US MAIL." Plaintiff did not indicate he would serve the summons and Complaint by first class mail postage prepaid, as required by Bankruptcy Rule 7004(b).

Further, Plaintiff listed the Defendants by name, but he failed to include addresses for any of the Defendants. He also failed to identify an officer or agent by name for Defendant MERS, a corporate defendant.

Forty days later, on December 5, 2017, Plaintiff filed an "Amendment of Certificate of Service." (Doc. No. 7.) The document states Plaintiff served "the foregoing by sending mail through the USPS on the 30th of November 2017." There are a number of issues with the Amended Certificate. First, it states Plaintiff sent documents forty days after the summons was issued, well after the fourteen-day period prescribed by Bankruptcy Rule 7004(e). Second, Plaintiff did not certify he used first class mail postage prepaid. Third, Plaintiff did not identify the names and addresses of the parties allegedly served. Finally, Plaintiff failed to identify an officer or agent for Defendant MERS by name, as required by Bankruptcy Rule 7004(b)(3). Plaintiff's Amended Certificate of Service is deficient and Plaintiff's service thus fails to comply with Rule 7004 and the constitutional requirements of due process.

Notwithstanding improper service, a court may "exercise its discretion to deny a motion to dismiss for lack of proper service and permit a plaintiff the opportunity to effectuate proper service, especially when the [ninety-day] period provided by Rule 4(m) for service of a complaint and summons has not yet expired." Houchins v. Wells Fargo Bank, N.A. (In re Houchins), Case No. 14–11928–WHD, Adv. Proc. No. 14–1053–WHD, 2015 WL 730436, at *2, 2015 Bankr. LEXIS 563 (Bankr. N.D. Ga. Feb. 3, 2015) (Drake, J.); Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004(a). In this case, the Complaint was filed on October 26, 2017, and the time to effectuate proper service expired on January 24, 2018.

Federal Rule of Civil Procedure 4(m), made applicable by Federal Rule of Bankruptcy Procedure 7004(a), permits a court to extend the time for service of process if the plaintiff shows

good cause for the failure. Even in the absence of good cause, courts have the discretion to extend the time to perfect service. Florida Outdoor Equipment v. Deresinski *(*In re Deresinski *)*, 214 B.R. 35, 37 (Bankr. M.D. Fla. 1997) (citing Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298 (3d Cir. 1995); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).

Plaintiff did not properly serve Defendants, and the time limit under Federal Rule of Civil Procedure 4(m) has expired. Plaintiff has failed to show good cause for the failure, and the Court declines to exercise its discretion to extend the time to perfect service in this case. First, Plaintiff has already attempted to cure the service deficiencies and has failed to do so. Second, the complaint contains other deficiencies, discussed below, so extending the time for service of process would be futile. Accordingly, the Court finds dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) is appropriate.

### b. Failure to State a Claim for Relief

Defendants also seek dismissal of the Complaint pursuant to Federal Rule of Bankruptcy Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case. Rather, the purpose of a motion to dismiss is to ensure

8

the plaintiff has provided notice of the grounds which entitle him to relief. Twombly, 550 U.S. at 561. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

Defendants state the Complaint fails to state a claim for relief because: the automatic stay did not go into effect when Plaintiff filed his chapter 7 case; Plaintiff cannot assert the foreclosure sale was wrongful because he did not provide a proper tender of the debt due; and, because his other claims fail, Plaintiff's claim for damages must also fail.

### i. Plaintiff Fails to State a Claim that Defendants Violated the Automatic Stay Because There Was No Automatic Stay

Plaintiff alleges Defendants violated the automatic stay by conducting a foreclosure sale after he filed his chapter 7 bankruptcy case. Defendants contend the Complaint fails to state a claim for relief because the automatic stay did not go into effect when Plaintiff filed his chapter 7 bankruptcy case. The Court agrees.

The Bankruptcy Code provides a creditor must stay all proceedings against a debtor and its property after the debtor files a petition for bankruptcy. 11 U.S.C. § 362(a)(1). Section 362(a)(1) states "a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial . . . action or proceeding against the debtor . . . or to recover a claim against the debtor that arose before the commencement of the case under this title." Id. The automatic stay is one of the most important provisions of the Bankruptcy Code and is designed to afford debtors "breathing space" to reorder their affairs, make peace with their creditors, and enjoy a clear field for future effort. *See* NLRB

9

v. Bildisco & Bildisco, 465 U.S. 513 (1984).

Section 362(c)(4) provides, though, the automatic stay does *not* go into effect in a case filed by a debtor who has had two or more prior cases dismissed within the year. The section provides:

> if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case.

11 U.S.C. § 362(c)(4)(A)(i). Thus, if two prior cases – filed under any chapter – were pending and subsequently dismissed during the one year period, the automatic stay does not go into effect.

While section 362(c)(4) prevents the automatic stay from taking effect in the third case pending within a year, the Bankruptcy Code provides a party in interest may seek the imposition of the stay. Section 362(c)(4)(B) states that upon motion of a party in interest filed within thirty days after filing the later case, and after notice and hearing, the court may order the automatic stay to take effect as to any or all creditors, subject to conditions or limitations the court may impose, if such party demonstrates the later case was filed in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(4)(B). Pursuant to this section, a request to impose the stay must be filed within thirty days of the petition.

Plaintiff had two previous cases pending and dismissed within the one-year period before he filed his chapter 7 case. Plaintiff filed a chapter 13 case, case number 16-65386, on September 2, 2016. The case was dismissed on October 26, 2016. On March 31, 2017, Plaintiff filed another chapter 13 case, case number 17-55904. The case was dismissed with prejudice on June 13, 2017. On September 1, 2017, Plaintiff filed a chapter 7 case. Because Plaintiff had two prior cases pending and dismissed within the preceding year, no stay arose upon the filing of his chapter 7 case.

10

Plaintiff failed to timely file a motion to impose the automatic stay. Eighty-one days after filing his chapter 7 bankruptcy petition, on November 21, 2017, Plaintiff filed a motion to extend the stay. On November 22, 2017, he filed an amended motion to extend the stay. The Court held a hearing on December 19, 2017, during which it considered argument from Plaintiff. The Court denied Plaintiff's request to impose the stay.

The automatic stay did not go into effect when Plaintiff filed his chapter 7 bankruptcy case and Plaintiff failed to demonstrate the stay should be imposed. Accordingly, there was no stay in Plaintiff's chapter 7 case and Plaintiff's claim Defendants violated the automatic stay by conducting a foreclosure sale after he filed his chapter 7 bankruptcy case should be dismissed.

### ii. Plaintiff Fails to State a Claim for Wrongful Foreclosure Because He Has Not Alleged He Tendered Payment

Plaintiff alleges the foreclosure sale was wrongful. Plaintiff's claim for wrongful foreclosure must be dismissed because Plaintiff did not tender full payment of the debt due.

Under Georgia law, before a plaintiff is entitled to equitable relief, the plaintiff "must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Sapp v. ABC Credit & Inv. Co., 253 S.E.2d 82 (Ga. 1979). Georgia law requires a party first tender the amount due under the note and security deed before seeking the equitable remedy of wrongful foreclosure. See Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citing Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848, 583 S.E.2d 844, 846 (Ga. 2003) ("Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan.")); Smith v. Citizens & S. Fin. Corp., 268 S.E.2d 157 (Ga. 1980) (holding owners who did not tender indebtedness secured by deed to secure debt were not entitled to set aside sale under power).

11

"In order to constitute a proper tender, the tender must be certain and unconditional, and be in full payment of the specific debt." Edward, 534 F. App'x at 892 (citing O.C.G.A. § 13-4-24). Georgia law has consistently held a mere proposal to pay money, with no offer of cash, does not constitute a valid tender. See Angier v. Equitable Bldg. & Loan Ass'n, 35 S.E. 64, 64 (Ga. 1900) ("There was nothing more than a bare offer or proposition to pay. Nothing was in fact tendered. A proposition to pay and a tender are by no means the same thing. The former may exist without any element of the latter.").

Plaintiff does not allege he paid or tendered the amount due on the loan. Because Plaintiff did not tender the amount due under the note and security deed before seeking wrongful foreclosure, Plaintiff's wrongful foreclosure claim fails and must be dismissed.

### iii. Plaintiff Fails to State a Claim for Damages

Finally, Plaintiff alleges Defendants are liable for damages and punitive damages. Where a complaint fails to state a claim for equitable relief or wrongful foreclosure, related claims for damages and punitive damages are also subject to dismissal. See e.g., Owens v. Bank of Am. N.A., No. 3:15-cv-00065-TCB-RGV, 2015 U.S. Dist. LEXIS 180768, at *23 (N.D. Ga. Dec. 4, 2015); Puissant v. Bank of Am. Home Loan Serv., No. 5:12-CV-388-MTT, 2013 U.S. Dist. LEXIS 171396, at *20 (M.D. Ga. Dec. 5, 2013) (granting defendant's motion for judgment on the pleadings where the amended complaint failed to state a claim for relief of wrongful foreclosure and, accordingly, for attorney's fees and punitive damages). Because Plaintiff fails to state a plausible claim for wrongful foreclosure, related claims for damages and punitive damages also fail.

### c. Abstention

Even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c). Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case

"in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992).

Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh heavily in favor of abstention in this adversary proceeding. First, state law issues predominate the bankruptcy issues and this proceeding is, at best, loosely related to Plaintiff's closed bankruptcy case. Plaintiff appears to contend a foreclosure sale was wrongfully conducted. This is not a cause of action created by the Bankruptcy Code and does not arise only in bankruptcy proceedings. Indeed, wrongful foreclosure actions can and do exist outside the bankruptcy context. Further, Plaintiff's claims do not relate to a pending bankruptcy case because his bankruptcy case has been discharged and closed. The outcome of this adversary proceeding cannot conceivably have any effect on the bankruptcy case because there is no estate being

administered in bankruptcy. Any potential recovery for a wrongful foreclosure will not affect and will not benefit Plaintiff's former bankruptcy estate. This case would thus place an additional burden on the Court's docket without impacting Plaintiff's bankruptcy case. Moreover, any issues relating to the foreclosure can be resolved in another forum, and Plaintiff can pursue a determination of his property interests in a court with jurisdiction. Abstention will not prejudice any party; if anything, this case can be managed more efficiently in state court. Thus, even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).

### III.  CONCLUSION

For the reasons stated above, the Court finds dismissal of the case as to all Defendants is appropriate. Accordingly,

**IT IS ORDERED** that the Motions are **GRANTED.**

**IT IS FURTHER ORDERED** that the above-styled adversary proceeding is **DISMISSED AS TO ALL DEFENDANTS.**

The Clerk's Office is directed to serve a copy of this order on the Plaintiff, Defendants, and Defendants' counsel.

**END OF DOCUMENT**